**Ming En HUANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 03–40336–AG.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern, District of New York, David J. Kennedy and Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ming En Huang petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *adopted,* S. Treaty Doc. No. 100–20 (1988). We as-

sume the parties' familiarity with the underlying facts and procedural history.

When the BIA issues an opinion, "the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review agency factual findings under the substantial-evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Where an appeal of the BIA's decision turns on the sufficiency of the factual findings underlying the determination that an alien has failed to satisfy his burden of proof, we will reverse the ruling only if "no reasonable fact-finder could have failed to find past persecution or fear of future persecution." *See Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and ellipsis mark omitted).

■ We have previously explained that persecution "must rise above mere harassment" but is not limited to "threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (internal alteration mark omitted) (citing *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002)). The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (B.I.A.1985). We recently noted that beatings and torture on account of religious affiliation constitute religious persecution, and that some other courts have held that forbidding someone from practicing his or her religion can also constitute religious persecution. *See Yan Chen,* 417 F.3d at

275 (citing *Bucur v. INS,* 109 F.3d 399, 405 (7th Cir.1997)).

The BIA's determination that Huang was not persecuted on account of religion is based on substantial evidence. Huang offered no evidence that he suffered any threats to life or freedom or was subject to any violence based on the fact that he was Christian. He only offered evidence that his mother had been detained in connection with her proselytizing activities and offered no evidence that she had been harmed during the detention. As such, he did not establish past persecution as a basis for asylum.

■ Further, Huang did not establish asylum eligibility based on a well-founded fear of future persecution, as he did not show that his fear was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The fact that he left China without event and the fact that his family continues to live in China as practicing Christians undercut the objective reality of any persecution he would be victim to upon return to China.

■ As Huang did not meet his burden of proof as to his asylum claim, it follows that he could not demonstrate eligibility for withholding of removal since that claim has a higher burden of proof. *See Tian–Yong Chen,* 359 F.3d at 127. Huang does not challenge the propriety of the BIA's denial of his CAT claim, and that claim is therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).